UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT E. DUNCAN,                            : | |
|        Plaintiff,              : | C.A. No. |
| v.                                              : | |
|                       : | JURY TRIAL DEMANDED |
| PINKERTON EMPLOYMENT         : | |
| SCREENING, INC.                            : | |
|                       : | |
|        Defendant.               : | |

## COMPLAINT

### I.   INTRODUCTION

1.   This is an action for damages brought by an individual consumer against the Defendant Pinkerton Employment Screening, Inc. ("Pinkerton") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2.   The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Pinkerton This action involves Defendant's systematic violation of several of those important rules.

### II.   PARTIES

3.   Plaintiff Robert E. Duncan is an adult individual who resides in the State of Texas.

4. Defendant Pinkerton is a business entity that regularly conducts business in the Eastern District of Michigan, and has principal places of business located at 101 N. Main Street, Suite 300, Ann Arbor, MI 48104.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. §1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

### IV. STATEMENT OF FACTS

6. In or around April 2015, Plaintiff applied for a positon with Momentum Rental & Sales ("Momentum").

7. Momentum uses the screening services of Pinkerton to perform background checks on applicants for employment. Pursuant to Momentum's contract with Pinkerton, the results of these services are delivered directly to Momentum.

8. Pinkerton is one of the nation's employment background screening companies, *i.e.*, those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to employers.

9. Pinkerton investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

10. From its files, Pinkerton sells consumer reports to potential employers (such as Momentum) wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants or employees.

11. Momentum ordered a background screen of Plaintiff in or around March 16, 2015.

12. Pinkerton completed the background screen of Plaintiff in March 20, 2015.

13. Pinkerton's background report inaccurately stated that Plaintiff Duncan had 28 Counts of "Child Pornography (Felony)," 1 Count of "Criminal Use of Communication Facility (Felony)" and plead guilty to 5 counts of "Child Pornography (Felony)" on April 1, 2010, in Chester County, Pennsylvania.

14. The history reported was actually that of another Robert E. Duncan, with a different middle name, a different address and a different social security number.

15. Plaintiff Robert E. Duncan has never visited Chester County, Pennsylvania. He has never been charged with a crime in any state.

16. Plaintiff received a copy of the report on or around August 19, 2015.

17. As a result of Defendant Pinkerton's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### V.   CAUSES OF ACTION

#### COUNT ONE – FCRA

20. Plaintiff re-alleges and incorporates by reference all preceding allegations. Pinkerton is a "consumer reporting agency," as defined by FCRA, 15 U.S.C. § 1681a(f).

27. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pinkerton violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's background report and the files it published and maintained.

30. As a result of Pinkerton violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31. The violations by Pinkerton were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Pinkerton was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

32. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs and attorney's fees from Pinkerton in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## Jury Trial Demand

33. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Pinkerton, for the following requested relief:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages;

      d.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

      e.      Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    */s/ Geoffrey H. Baskerville*
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: August 11, 2016

5